IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LILY JACKSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. Action No. 16-677-GMS |
| | ) |
| DEPUTY COMMISSIONER ROBERT MAY, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM**

## I.  INTRODUCTION

The plaintiff Lily Jackson ("Jackson"), a prisoner incarcerated at Baylor Women's Correctional Institution ("BWCI") in New Castle, Delaware, commenced this action on August 8, 2016, pursuant to 42 U.S.C. § 1983 and the Religious Land Use and Incarcerated Persons Act of 2000, 42 U.S.C. § 2000cc, *et seq.* (D.I. 3.) An amended complaint was filed on June 30, 2017. (D.I. 13).

## II.  BACKGROUND

Pending before the court are Jackson's motions seeking injunctive relief. Jackson complains there is no heat in her building and seeks a transfer to another building. (D.I. 22.) She seeks an order to require BWCI to allow the Islamic Community to participate in Islamic observances during the month of Ramadan, Eid al-Fitr[1] congregational prayer, feast and pilgrimage, and Eid al-Adha[2] congregational prayer and feast. (D.I. 23.) She also claims the

---

[1] Eid al-Fitr is a Muslim religious holiday that marks the end of Ramadan.

[2] The second of two Muslim holidays celebrated each year.

defendants do not sell adequate khimars (*i.e.*, scarves). In the same motion, Jackson asks the court to overturn disciplinary findings of guilt, moves to amend the complaint, and requests counsel. The motions are opposed. (D.I. 29.)

## III. DISCUSSION

A preliminary injunction is "an extraordinary remedy that should be granted only if (1) the plaintiff is likely to succeed on the merits; (2) denial will result in irreparable harm to the plaintiff; (3) granting the injunction will not result in irreparable harm to the defendant; and (4) granting the injunction is in the public interest." *NutraSweet Co. v. Vit-Mar Enterprises, Inc.*, 176 F.3d 151, 153 (3d Cir. 1999) ("NutraSweet II"). The elements also apply to temporary restraining orders. *See NutriSweet Co. v. Vit-Mar Enterprises., Inc.*, 112 F.3d 689, 693 (3d Cir. 1997) ("NutraSweet I") (a temporary restraining order continued beyond the time permissible under Rule 65 must be treated as a preliminary injunction, and must conform to the standards applicable to preliminary injunctions). "[F]ailure to establish any element in [a plaintiff's] favor renders a preliminary injunction inappropriate." *NutraSweet II*, 176 F.3d at 153. Furthermore, because of the intractable problems of prison administration, a request for injunctive relief in the prison context must be viewed with considerable caution. *Rush v. Correctional Med. Services, Inc.*, 287 F. App'x 142, 144 (3d Cir. 2008) (unpublished) (citing *Goff v. Harper*, 60 F.3d 518, 520 (8th Cir. 1995)).

### A. Heat

With regard to Jackson's complaints of cold temperatures in the building where she is housed, the defendants respond that the cold temperatures were caused by broken boilers. The defendants provide the sworn statement of Warden Shane Troxler ("Troxler") that immediate and appropriate action was taken to ameliorate the conditions by repairing the boilers, installing

a temporary heating system while the boilers were being replaced, removing inmates to other parts of the building where the heat was functioning properly, and providing space heaters. (D.I. 29-1.) Troxler further states that the conditions were temporary and the repair of the boilers was completed in mid-January. (*Id.*) In light of the foregoing, Jackson's motion for injunctive relief on heating issue will be denied as moot. (D.I. 22.)

B.  Religion

In her second motion for injunctive relief, Jackson seeks an order for BWCI to allow the Islamic Community to participate in Islamic observances during the month of Ramadan, Eid al-Fitr congregational prayer, feast and pilgrimage, and Eid al-Adha congregational prayer and feast. Jackson states that following the lawsuit *Fayson v. Earle*, Civ. No. 04-219-KAJ (D. Del.), BWCI began to allow Eid prayers and feasts, with the food supplied by Tahsign Ismaa'eel, Directress of Women's Affairs at the North American Islamic Foundation, but this ended in 2017 when Troxler canceled the feast. (D.I. 23 at 1.) In her motion, Jackson indicates that Troxler "said that people meeting Tahsign Ismaa'eel in the BWCI parking lot posed a security risk." (*Id.*) Jackson states that Troxler did not provide an alternative for the Islamic community to observe the religious holidays, but contradicts the statement by stating that the alternative was the culinary arts program at BWCI that catered to the St. Vincent DePaul Society members, as well as other programs at BWCI. (*Id.* at 2.)

Jackson states that after the Eid feast was canceled due to security concerns, a church brought food into the institution for Christian inmates to celebrate Christmas "which completely negates the 'security risk of outside food being brought in' poses." (*Id.*) Jackson contends that the discontinuation of Eid prayers and feasts violates the First Amendment and is an example of

anti-Islamic discrimination. (*Id.*) Jackson also contends that the defendants do not sell adequate khimars and seeks an order to allow Imam Ahas Waters to provide them. (*Id.* at 7.)

As Jackson acknowledges in her motion, prayers for the religious holidays were allowed, but the feast was discontinued due to security concerns that contraband would enter the institution. In addition, Jackson indicates that khimars are sold at the prison, but not the type or style Jackson prefers. In light of the positions of the parties the court finds that, at this juncture, Jackson has not met her burden for injunctive relief. She has not demonstrated that she is subject to irreparable harm or that there is a likelihood of success on the merits.

### C. Disciplinary Findings

Jackson asks the court to vacate two disciplinary findings of guilt and expunge the findings from her record. (D.I. 23 at 3.) Jackson discusses her displeasure with the charges brought against her, the process, and the sanctions she received. She argues her rights were violated. *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973) and *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), bars this avenue of relief, because Jackson challenges, either directly or indirectly, the validity of the disciplinary finding of guilt and of the sanction imposed. *See also Wilkinson* v. Dotson, 544 U.S. 74, 78-82 (2005).

The issue of whether Jackson's constitutional rights were violated is premature and better addressed following discovery and the filing of dispositive motions, if any. The court will deny the request to vacate the disciplinary findings of guilt.

### D. Amendment

Jackson moves to amend her complaint to sue the defendants Lt. Kimberly Hughey and Major Emig in their "state" and individual capacities. (D.I. 23 at 6.) The court assumes by "state" Jackson seeks to sue these defendants in their official and individual capacities. Jackson

seeks to amend without complying with the Local Rules of the Court. Local Rule 15.1 provides that a party who moves to amend a pleading shall attach to the motion: (1) the proposed pleading as amended, complete with a handwritten or electronic signature; and (2) a form of the amended pleading which indicates in what respect it differs from the pleading which it amends, by bracketing or striking through materials to be deleted and underlining materials to be added. Jackson did not do this and, therefore, the court will deny the motion without prejudice to renew. The court will consider a motion to amend upon Jackson's compliance with the Court's Local Rules.

### E. Request for Counsel

Jackson seeks counsel on the grounds that she has to get copies and information from the institutional law library. (D.I. 23 at 7.) Jackson believes her research and information may be being shared with those are defendants in this action.

A *pro se* litigant proceeding *in forma pauperis* has no constitutional or statutory right to representation by counsel. *See Brightwell v. Lehman*, 637 F.3d 187, 192 (3d Cir. 2011); *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993). However, representation by counsel may be appropriate under certain circumstances, after a finding that a plaintiff's claim has arguable merit in fact and law.[3] *Tabron*, 6 F.3d at 155.

After passing this threshold inquiry, the court should consider a number of factors when assessing a request for counsel. Factors to be considered by a court in deciding whether to request a lawyer to represent an indigent plaintiff include: (1) the merits of the plaintiff's claim; (2) the plaintiff's ability to present his or her case considering his or her education, literacy,

---

[3] *See Mallard v. United States Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296 (1989) (§ 1915(d) (now § 1915(e)(1)) does not authorize a federal court to require an unwilling attorney to represent an indigent civil litigant, the operative word in the statute being "request.").

experience, and the restraints placed upon him or her by incarceration; (3) the complexity of the legal issues; (4) the degree to which factual investigation is required and the plaintiff's ability to pursue such investigation; (5) the plaintiff's capacity to retain counsel on his or her own behalf; and (6) the degree to which the case turns on credibility determinations or expert testimony. *See Montgomery v. Pinchak*, 294 F.3d 492, 498-99 (3d Cir. 2002); *Tabron*, 6 F.3d at 155-56. The list is not exhaustive, nor is any one factor determinative. *Tabron*, 6 F.3d at 157.

Assuming, solely for the purpose of deciding this motion, that Jackson's claims have merit in fact and law, several of the *Tabron* factors militate against granting her request for counsel. After reviewing Jackson's complaint, the court concludes that the case is not so factually or legally complex that requesting an attorney is warranted. In addition, to date Jackson has ably represented herself in this case. In light of the foregoing, the court will deny without prejudice to renew Jackson's request for counsel. Should the need for counsel arise later, one can be sought at that time.

## IV. CONCLUSION

For the above reasons, the court will deny the plaintiff's motions for injunctive relief. (D.I. 22, 23.) In addition, the court will deny without prejudice the motion to amend and the request for counsel.

An appropriate order will be entered.

_____
UNITED STATES DISTRICT JUDGE

March 26, 2018
Wilmington, Delaware