IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LILY JACKSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. Action No. 16-677-CFC |
| | ) |
| DEPUTY COMMISSIONER ROBERT MAY, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM**

**I.    INTRODUCTION**

Plaintiff Lily Jackson ("Plaintiff"), a prisoner incarcerated at Baylor Women's Correctional Institution ("BWCI") in New Castle, Delaware, commenced this action on August 8, 2016, pursuant to 42 U.S.C. § 1983 and the Religious Land Use and Incarcerated Persons Act of 2000, 42 U.S.C. § 2000cc, *et seq.* (D.I. 3) An amended complaint was filed on June 30, 2017. (D.I. 13)

**II.    BACKGROUND**

Pending before the Court are Plaintiff's third and fourth motions seeking injunctive relief. (D.I. 38, 41) In her third motion for injunctive relief Plaintiff claims Defendants do not provide inmates Noble Qur'ans,[1] access to properly fitting khimars (*i.e.*, scarves), and proper Muslim services. (D.I. 38) In her fourth motion for injunctive

---

[1] The Noble Qur'an is a translation of the Qur'an by Muhammad Muhsin Khan and Muhammad Taqi-ud-Din al-Hilali. The English translation comes with a seal of approval from both the University of Medina and the Saudi Dar al-Ifta and is the most widely distributed version of the Qur'an in the English language. *See* https://en.wikipedia.org/wiki/Noble_Quran_(Hilali-Khan) (last visited Apr. 29, 2019).

1

relief, Plaintiff complains that, while participating in the "Thinking Things Through program," she can overhear Christian church services which is an affront to her religion, and she seeks a court order excusing her participation in the class. (D.I. 41) Plaintiff again requests counsel. (D.I. 37)

## III. DISCUSSION

A preliminary injunction is "an extraordinary remedy that should be granted only if (1) the plaintiff is likely to succeed on the merits; (2) denial will result in irreparable harm to the plaintiff; (3) granting the injunction will not result in irreparable harm to the defendant; and (4) granting the injunction is in the public interest." *NutraSweet Co. v. Vit-Mar Enterprises, Inc.*, 176 F.3d 151, 153 (3d Cir. 1999) ("NutraSweet II"). The elements also apply to temporary restraining orders. *See NutriSweet Co. v. Vit-Mar Enterprises., Inc.*, 112 F.3d 689, 693 (3d Cir. 1997) ("NutraSweet I") (a temporary restraining order continued beyond the time permissible under Rule 65 must be treated as a preliminary injunction, and must conform to the standards applicable to preliminary injunctions). "[F]ailure to establish any element in [a plaintiff's] favor renders a preliminary injunction inappropriate." *NutraSweet II*, 176 F.3d at 153. Furthermore, because of the intractable problems of prison administration, a request for injunctive relief in the prison context must be viewed with considerable caution. *Rush v. Correctional Med. Services*, Inc., 287 F. App'x 142, 144 (3d Cir. 2008) (unpublished) (citing *Goff v. Harper*, 60 F.3d 518, 520 (8th Cir. 1995)).

### A. Third Motion for Injunctive Relief

In her third motion for injunctive relief Plaintiff contends that Defendants do not provide a Noble Qur'an, adequate khimars, and adequate religious services. (D.I. 38)

2

The declaration of BWCI Warden Brian Emig ("Emig") indicates that the BCWI has taken steps to afford inmates opportunities to practice their religion. He states that an open forum was held on August 20, 2018, with the Muslim community at BWCI to discuss their concerns and Plaintiff attended the meeting. (D.I. 42 at ¶ 7) Following the meeting, an order was placed for adult sized head scarves which affixed with a clip and prison officials believed the order addressed concerns about khimars that were previously provided. (*Id.*) On November 7, 2018, Plaintiff submitted a grievance regarding the khimars, it was resolved by a khimar supplied by the Spiritual Advisor, and Plaintiff indicated she was satisfied with this resolution. (*Id.* at ¶ 8)

Emig also states that in a further effort to provide the BWCI Muslim community access to religious clothing of their choice, on April 10, 2019, the commissary ordered "One-Piece Hijab Scarfs" from Amazon.com. (*Id.* at ¶ 9) Emig states that Plaintiff reviewed the selection prior to placement of the order, approved the selections, and committed to purchasing one. (*Id.* at ¶ 10)

Emig states that an Islamic Spiritual Advisor provided religious education for BWCI offenders on January 20, 2019, January 27, 2019, February 3, 2019, February 10, 2019, February 17, 2019, March 3, 2019, March 10, 2019, March 24, 2019, April 7, 2019, and April 14, 2019. (*Id.* at ¶ 10) The Spiritual Advisor is scheduled to visit BWCI every Sunday to provide Islamic religious education for those offenders who wish to participate. (*Id.*) Also, BWCI is currently investigating other options to provide Khuthbar or Jumu'ah services at BWCI, which may include a broadcast or televised option. (*Id.* at ¶ 11)

Finally, Emig states that Plaintiff has a Qur'an, but has requested the Noble Qur'an and it was not available through the commissary's approved list of vendors. (*Id.* at ¶ 12) Emig states that BWCI has identified other sources for the Noble Qur'an and recently presented the options to Plaintiff. (*Id.*) According to Emig, Plaintiff indicated she was pleased with the selections and committed to purchasing one when they arrived. (*Id.*)

In light of the declaration of Emig, the Court finds that Plaintiff has not met her burden for injunctive relief. She has not demonstrated that she is subject to irreparable harm or that there is a likelihood of success on the merits. Therefore, the Court will deny the third motion for injunctive relief. (D.I. 38)

## B. Fourth Motion for Injunctive Relief

The Court will also deny Plaintiff's fourth motion for injunctive relief that seeks emergency injunctive relief in the form of an order excusing her from attending class because she can overhear a Christian service that take place in an adjoining room. (D.I. 41) As explained to Plaintiff, the class she attends takes place at a designated time and the space is shared. The Court finds that Plaintiff has not demonstrated that she is subject to irreparable harm or that there is a likelihood of success on the merits that merits issuance of an injunction. The motion borders on frivolousness and will be denied. (D.I. 41)

## C. Request for Counsel

Plaintiff seeks counsel on the grounds that she cannot afford counsel, she does not understand how to amend a complaint and does not comprehend what is expected

4

of her, and she believes her research and information may be being shared with Defendants in this action. (D.I. 37)

A *pro se* litigant proceeding *in forma pauperis* has no constitutional or statutory right to representation by counsel. *See Brightwell v. Lehman*, 637 F.3d 187, 192 (3d Cir. 2011); *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993). However, representation by counsel may be appropriate under certain circumstances, after a finding that a plaintiff's claim has arguable merit in fact and law.[2] *Tabron*, 6 F.3d at 155.

After passing this threshold inquiry, the court should consider a number of factors when assessing a request for counsel. Factors to be considered by a court in deciding whether to request a lawyer to represent an indigent plaintiff include: (1) the merits of the plaintiff's claim; (2) the plaintiff's ability to present his or her case considering his or her education, literacy, experience, and the restraints placed upon him or her by incarceration; (3) the complexity of the legal issues; (4) the degree to which factual investigation is required and the plaintiff's ability to pursue such investigation; (5) the plaintiff's capacity to retain counsel on his or her own behalf; and (6) the degree to which the case turns on credibility determinations or expert testimony. *See Montgomery v. Pinchak*, 294 F.3d 492, 498-99 (3d Cir. 2002); *Tabron*, 6 F.3d at 155-56. The list is not exhaustive, nor is any one factor determinative. *Tabron*, 6 F.3d at 157.

Assuming, solely for the purpose of deciding this motion, that Plaintiff's claims have merit in fact and law, several of the *Tabron* factors militate against granting her

---

[2] *See Mallard v. United States Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296 (1989) (§ 1915(d) (now § 1915(e)(1)) does not authorize a federal court to require an unwilling attorney to represent an indigent civil litigant, the operative word in the statute being "request.").

5

request for counsel. After reviewing Plaintiff's Complaint, the Court concludes that the case is not so factually or legally complex that requesting an attorney is warranted. In addition, to date Plaintiff has ably represented herself in this case. In light of the foregoing, the Court will deny without prejudice to renew Plaintiff's' request for counsel. (D.I. 37) Should the need for counsel arise later, one can be sought at that time.

## IV. CONCLUSION

For the above reasons, the court will: (1) the Court will deny without prejudice to renew Plaintiff's request for counsel (D.I. 37); and (2) deny Plaintiff's motions for injunctive relief (D.I. 38, 41)

An appropriate order will be entered.

_____
UNITED STATES DISTRICT JUDGE

May 10, 2019
Wilmington, Delaware